**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Lockwood Holdings, Inc., et al.,[1] | § | Jointly Administered Under |
| | § | Case No. 18-30197 |
| Debtors. | § | |
| | § | (Chapter 11) |

_____

| | | |
|---|---|---|
| OFFICIAL COMMITTEE OF UNSECURED | § | |
| CREDITORS OF LOCKWOOD HOLDINGS, | § | |
| INC., *ET AL*. | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| vs. | § | Adversary No. 18-03094 |
| | § | |
| WELLS FARGO BANK, N.A., as | § | |
| Administrative Agent and Lender | § | |
| | § | |
| Defendant. | § | |

**WELLS FARGO'S ANSWER TO OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS OF LOCKWOOD HOLDINGS, INC.'S COMPLAINT**
**[This Instrument Relates to Docket No.1]**

Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") as Administrative Agent and

Lender, files this Answer to the Complaint filed by the Official Committee of Unsecured

Creditors of Lockwood Holdings, Inc., *et al*, (the "Committee").  To the extent any allegations in

the Complaint are not expressly admitted, they are denied.  Further, any averment by Wells

Fargo that it lacks knowledge or information sufficient to form a belief about the truth of an

allegation shall have the effect of a denial.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Lockwood Holdings, Inc. (9726); LH Aviation, LLC (6984); Piping Components, Inc. (0197); Lockwood International, Inc. (8597); Lockwood Enterprises, Inc. (6504); LMG Manufacturing, Inc. (9468); and, 7807 Eagle Lane, LLC (7382) (collectively, the "Debtors").

## STATEMENT REGARDING CONSENT TO ENTRY OF ORDERS OR JUDGMENT IN CORE PROCEEDING

Pursuant to Federal Rule of Bankruptcy Procedure 7012(b) and Bankruptcy Local Rule 7012-1, Wells Fargo consents to the entry of final orders or a judgment by the bankruptcy judge in this Adversary Proceeding.

## ANSWER TO COMPLAINT[2]

## I.  NATURE OF THE ACTION

1.      Wells Fargo admits that it is the Administrative Agent and/or Lender for various prepetition loans and that it has security interests in substantially all of the Debtors' assets.  Wells Fargo denies the remaining allegations in paragraph 1 of the Complaint.

2.      Wells Fargo denies that the Committee is entitled to any of the relief sought in paragraph 2 of the Complaint.

3.      Wells Fargo denies that the Committee is entitled to any of the relief sought in paragraph 3 of the Complaint or that it has any grounds to object to Wells Fargo's claim.

## II.  JURISDICTION AND VENUE

4.      Wells Fargo admits the allegations in paragraph 4 of the Complaint.

5.      Wells Fargo admits the allegations in paragraph 5 of the Complaint.

6.      Wells Fargo admits the allegations in paragraph 6 of the Complaint.

7.      Wells Fargo admits the allegations in paragraph 7 of the Complaint.

8.      Wells Fargo admits the allegations in paragraph 8 of the Complaint.

9.      Wells Fargo admits the allegations in paragraph 9 of the Complaint.

---

[2] Unless otherwise set forth herein, all undefined, capitalized terms appearing in this Answer shall have the meaning(s) ascribed to such terms in the Complaint.

### III.  THE PARTIES

**A.      The Debtors**

10.      Wells Fargo admits the allegations in paragraph 10 of the Complaint.

**B.      The Plaintiff**

11.      Wells Fargo admits the allegations in the first, second and fourth sentences of paragraph 11 of the Complaint.  With respect to the third sentence in paragraph 11 of the Complaint, Wells Fargo states that the Final DIP Order speaks for itself, and Wells Fargo denies any allegations in paragraph 11 of the Complaint to the extent that they do not fully and accurately characterize the contents of the Final DIP Order referenced in paragraph 11.

**C.      The Defendant**

12.      Wells Fargo admits the allegations in paragraph 12 of the Complaint.

### IV.  GENERAL BACKGROUND

**A.      Debtors' Business**

13.      Upon information and belief, Wells Fargo admits the allegations in paragraph 13 of the Complaint.

**B.      Prepetition Credit Facilities**

Revolver Loan

14.      Wells Fargo admits that the parties referenced in paragraph 14 entered into an Amended and Restated Credit Agreement on September 30, 2015, and executed a Pledge and Security Agreement ("PSA"), and further states that the referenced documents speak for themselves and Wells Fargo denies any allegations in paragraph 14 of the Complaint to the extent they do not fully and accurately characterize the contents of the referenced documents in paragraph 14.

15.     Wells Fargo admits that certain parties entered into a Forbearance Agreement and Third Amendment to Amended and Restated Agreement on or about August 16, 2017, and that the parties referenced in paragraph 15 of the Complaint entered into three (3) Guaranties dated August 22, 2017, and a Pledge and Security Agreement Joinder No. 1 dated August 21, 2017 (the "PSAJ").  Wells Fargo further states that the referenced documents speak for themselves and Wells Fargo denies any allegations in paragraph 15 of the Complaint to the extent they do not fully and accurately characterize the contents of the referenced documents.

16.     Wells Fargo admits the allegations in paragraph 16 of the Complaint, but denies that the Committee has any right or grounds to challenge the debt.

Term Loan

17.     Wells Fargo admits the allegations in paragraph 17 of the Complaint, and further states that the referenced documents speak for themselves and Wells Fargo denies any allegations in paragraph 17 of the Complaint to the extent they do not fully and accurately characterize the contents of the referenced documents.

18.     Wells Fargo admits the allegations in the first and last sentences of paragraph 18 of the Complaint.  With respect to the second sentence of paragraph 18, Wells Fargo states that the referenced documents speak for themselves and Wells Fargo denies any allegations in paragraph 18 of the Complaint to the extent they do not fully and accurately characterize the contents of the referenced documents.

19.     Wells Fargo admits the allegations in paragraph 19 of the Complaint, but denies that the Committee has any right or grounds to challenge the debt.

Airplane Loan

20.     Wells Fargo admits the allegations in paragraph 20 of the Complaint.

21.     Wells Fargo admits that LHA and Wells Fargo entered into an Aircraft Mortgage and Security Agreement with respect to the airplane and that Wells Fargo's liens on the airplane are subordinate to the liens of Wells Fargo Equipment and Finance.  Wells Fargo admits that it recorded the Aircraft Mortgage and Security Agreement with the U.S. Department of Transportation Federal Aviation Administration on November 3, 2017.  Wells Fargo denies the remaining allegations in paragraph 21 of the Complaint.

22.     Wells Fargo admits that Wells Fargo Equipment Finance, Inc. ("WFEF") moved for relief from the automatic stay and that the court entered an Agreed Order on WFEF's Motion for Relief from the Automatic Stay.  The Agreed Order speaks for itself, and Wells Fargo denies any allegations in paragraph 22 of the Complaint to the extent they do not fully and accurately characterize the contents and purpose of the Agreed Order.

23.     Wells Fargo admits the allegations in the first sentence of paragraph 23 of the Complaint.  With respect to the second sentence of paragraph 23, the proposed order speaks for itself and Wells Fargo denies the allegations to the extent they do not fully and accurately characterize the contents of the proposed order.  Wells Fargo denies the remaining allegations in paragraph 23 of the Complaint.

## C.     Bankruptcy Filings and Post-Petition Financing

24.     Upon information and belief, Wells Fargo admits that the Debtors were experiencing financial difficulties around November 2016, but is without sufficient knowledge or information to admit or deny when the financial difficulties began.  Wells Fargo admits that the Debtors and Wells Fargo entered into several forbearance agreements which speak for themselves, and Wells Fargo denies any allegations in paragraph 24 of the Complaint to the

extent they do not fully and accurately characterize the contents and purpose of the forbearance agreements.

25.     Wells Fargo admits that Hurricane Harvey struck the Gulf Coast on or about August 25, 2017.  Wells Fargo is without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 25 of the Complaint.

26.     Wells Fargo admits that it accelerated the Revolver Loan, the Term Loan and the Airplane Loan around November 2017 and that litigation between the Debtors and Wells Fargo ensued.  Wells Fargo denies the remaining allegations of paragraph 26 of the Complaint.

27.     Wells Fargo admits the allegations in paragraph 27 of the Complaint.

28.     Wells Fargo admits the allegations in the first sentence of paragraph 28 of the Complaint.  The remaining allegations reference various orders of the court, which speak for themselves and Wells Fargo denies any allegations in paragraph 28 to the extent they do not fully and accurately characterize the contents of the orders.

29.     Wells Fargo admits the allegations in paragraph 29 of the Complaint.

30.     Wells Fargo admits the allegations in paragraph 30 of the Complaint.

31.     The allegations in paragraph 31 of the Complaint are purported recitations of the contents of the Final DIP Order.  Wells Fargo submits that the Final DIP Order speaks for itself, and denies any allegations in paragraph 31 of the Complaint to the extent they do not fully and accurately characterize the contents of the Final DIP Order.

**D.      Committee Investigation**

32.     Wells Fargo is without sufficient knowledge or information to either admit or deny the allegations in paragraph 32 of the Complaint.

Commercial Tort Claims

33.     Paragraph 33 of the Complaint references unidentified documents, and purports to include a general characterization of the unidentified documents and their contents.  Wells Fargo states that the unidentified documents speak for themselves and denies any allegations in paragraph 33 of the Complaint to the extent they do not fully and accurately characterize the contents and purpose of the intended documents.  Wells Fargo further states that paragraph 33 includes conclusions of law which do not require a response.   To the extent a response is required to any of the allegations in paragraph 33, Wells Fargo denies those allegations.

Deposit Accounts

34.     Paragraph 34 of the Complaint references unidentified documents, and purports to include a general characterization of the unidentified documents and their contents.  Wells Fargo states that the unidentified documents speak for themselves and denies any allegations in paragraph 34 of the Complaint to the extent they do not fully and accurately characterize the contents and purpose of the intended documents.  Wells Fargo further states that paragraph 34 includes conclusions of law which do not require a response.   To the extent a response is required to any of the allegations in paragraph 34, Wells Fargo denies those allegations.

Rights of Payment Under Business – Interruption Insurance Policies

35.     Paragraph 35 of the Complaint references unidentified documents, and purports to include a general characterization of the unidentified documents and their contents.  Wells Fargo states that the unidentified documents speak for themselves and denies any allegations in paragraph 35 of the Complaint to the extent they do not fully and accurately characterize the contents and purpose of the unidentified documents.

36.     Paragraph 36 of the Complaint includes recitations to case law, statutory authority and conclusions of law which do not require an answer.

37.     Paragraph 37 of the Complaint includes legal arguments and conclusions of law which do not require an answer.  Wells Fargo denies the remaining allegations of paragraph 37 of the Complaint.

38.     Wells Fargo lacks sufficient knowledge or information to admit or deny the allegations in paragraph 38 of the Complaint.

39.     Wells Fargo lacks sufficient knowledge or information to admit or deny the allegations in the first and last sentences of paragraph 39 of the Complaint.  Wells Fargo denies the remaining allegations in paragraph 39 of the Complaint.

Assets Subject to a Certificate-of-Title Statute

40.     Paragraph 40 of the Complaint references unidentified documents, and purports to include a general characterization of the unidentified documents and their contents.  Wells Fargo states that the unidentified documents speak for themselves and denies any allegations in paragraph 40 of the Complaint to the extent they do not fully and accurately characterize the contents and purpose of the intended documents.  Wells Fargo further states that paragraph 40 includes conclusions of law which do not require a response.   To the extent a response is required to any of the allegations in paragraph 40, Wells Fargo denies those allegations.

Money

41.     Paragraph 41 of the Complaint references unidentified documents, and purports to include a general characterization of the unidentified documents and their contents.  Wells Fargo states that the unidentified documents speak for themselves and denies any allegations in paragraph 41 of the Complaint to the extent they do not fully and accurately characterize the contents and purpose of the unidentified documents.  Wells Fargo further states that paragraph 41 includes conclusions of law which do not require a response.   To the extent a response is required to any of the allegations in paragraph 41, Wells Fargo denies those allegations.

Airplane

42.     Paragraph 42 of the Complaint includes legal arguments and conclusions of law which do not require an answer.  To the extent a response is required to any of the allegations in paragraph 42 of the Complaint, Wells Fargo denies those allegations.

## V.  CAUSES OF ACTION

### COUNT I: DECLARATORY JUDGMENT THAT DEFENDANT LACKS LIENS ON DEBTORS' COMMERCIAL TORT CLAIMS

43.     Paragraph 43 of the Complaint repeats and realleges the allegations in paragraphs 1 through 42 of the Complaint.  Accordingly, Wells Fargo repeats and realleges its answers to paragraphs 1 through 42 as though fully set forth herein.

44.     Paragraph 44 of the Complaint includes legal arguments and conclusions of law which do not require an answer.  To the extent a response is required to any of the allegations of paragraph 44 of the Complaint, Wells Fargo denies those allegations.

45.     Paragraph 45 of the Complaint includes legal arguments and conclusions of law which do not require an answer.  To the extent a response is required to any of the allegations of paragraph 45 of the Complaint, Wells Fargo denies those allegations.

46.     Paragraph 46 of the Complaint includes legal arguments and conclusions of law which do not require an answer.  To the extent a response is required to any of the allegations of paragraph 46 of the Complaint, Wells Fargo denies those allegations.

47.     Wells Fargo denies that the Committee is entitled to any of the relief requested in paragraph 47 of the Complaint.

## COUNT II: AVOIDANCE OF LIENS ON DEPOSIT ACCOUNTS

48.     Paragraph 48 of the Complaint repeats and realleges the allegations in paragraphs 1 through 47 of the Complaint.  Accordingly, Wells Fargo repeats and realleges its answers to paragraphs 1 through 47 as though fully set forth herein.

49.     Paragraph 49 of the Complaint references the PSA and the PSAJ, and purports to include a general characterization of the documents and their contents.  Wells Fargo states that the PSA and the PSAJ speak for themselves and denies any allegations in paragraph 49 of the Complaint to the extent they do not fully and accurately characterize the contents and purpose of the PSA and PSAJ.  Wells Fargo further states that paragraph 49 includes conclusions of law which do not require a response.  Wells Fargo is without sufficient knowledge or information to either admit or deny the "nonexhaustive list" of deposit accounts in Exhibit A.  To the extent a response is required to any of the allegations in paragraph 49, Wells Fargo denies those allegations.

50.     Paragraph 50 of the Complaint includes legal arguments and conclusions of law which do not require a response.  To the extent a response is required to any of the allegations in paragraph 50, Wells Fargo denies those allegations.

51.     Paragraph 51 of the Complaint includes legal arguments and conclusions of law which do not require a response.  To the extent a response is required to any of the allegations in paragraph 51, Wells Fargo denies those allegations.

52.     The allegations in paragraph 52 are mere recitations to Section 551 to which no response is required.  Section 551 speaks for itself and Wells Fargo denies any allegations in paragraph 52 to the extent they do not fully and accurately characterize the contents and substance of Section 551.

53.     Paragraph 53 of the Complaint includes legal arguments and conclusions of law which do not require an answer.  To the extent a response is required to any of the allegations in paragraph 53 of the Complaint, Wells Fargo denies those allegations.

54.     Wells Fargo denies that the Committee or Debtors' estates are entitled to any of the relief requested in paragraph 54 of the Complaint.

### COUNT III: AVOIDANCE OF LIENS ON RIGHTS OF PAYMENT UNDER BUSINESS-INTERRUPTION INSURANCE POLICIES

55.     Paragraph 55 of the Complaint repeats and realleges the allegations in paragraphs 1 through 54 of the Complaint.  Accordingly, Wells Fargo repeats and realleges its answers to paragraphs 1 through 54 as though fully set forth herein.

56.     Paragraph 56 of the Complaint references the PSA and the PSAJ, and purports to include a general characterization of the documents and their contents.  Wells Fargo states that the PSA and PSAJ speak for themselves and denies any allegations in paragraph 56 of the Complaint to the extent they do not fully and accurately characterize the contents and purpose of the PSA and PSAJ.

57.     Paragraph 57 of the Complaint includes legal arguments and conclusions of law which do not require an answer.  To the extent a response is required to any of the allegations in paragraph 57 of the Complaint, Wells Fargo denies those allegations.

58.     Paragraph 58 of the Complaint includes legal arguments and conclusions of law which do not require an answer.  To the extent a response is required to any of the allegations in paragraph 58 of the Complaint, Wells Fargo denies those allegations.

59.     Paragraph 59 of the Complaint includes legal arguments and conclusions of law which do not require an answer.  To the extent a response is required to any of the allegations in paragraph 59 of the Complaint, Wells Fargo denies those allegations.

60.     Paragraph 60 of the Complaint includes legal arguments and conclusions of law which do not require an answer.  To the extent a response is required to any of the allegations in paragraph 60 of the Complaint, Wells Fargo denies those allegations.

61.     The allegations in paragraph 61 are mere recitations to Section 551 to which no response is required.  Section 551 speaks for itself and Wells Fargo denies any allegations in paragraph 61 to the extent they do not fully and accurately characterize the contents and substance of Section 551.

62.     Paragraph 62 of the Complaint includes legal arguments and conclusions of law which do not require an answer.  To the extent a response is required to any of the allegations in paragraph 62 of the Complaint, Wells Fargo denies those allegations.

63.     Wells Fargo denies that the Committee or the Debtors' estates are entitled to any of the relief requested in paragraph 63 of the Complaint.

## COUNT IV: AVOIDANCE OF LIENS ON ASSETS SUBJECT TO CERTIFICATE OF-OF-TITLE STATUTES

64.     Paragraph 64 of the Complaint repeats and realleges the allegations in paragraphs 1 through 63 of the Complaint.  Accordingly, Wells Fargo repeats and realleges its answers to paragraphs 1 through 63 as though fully set forth herein.

65.     Paragraph 65 of the Complaint references the PSA and the PSAJ, and purports to include a general characterization of the documents and their contents.  Wells Fargo states that the PSA and PSAJ speak for themselves and denies any allegations in paragraph 65 of the Complaint to the extent they do not fully and accurately characterize the contents and purpose of the intended documents.  Wells Fargo further states that paragraph 65 includes conclusions of law which do not require a response.  Wells Fargo admits the allegations in the last sentence of paragraph 65 of the Complaint.

66.     Paragraph 66 of the Complaint includes legal arguments and conclusions of law which do not require a response.  Wells Fargo is without sufficient knowledge or information to either admit or deny the "nonexhaustive list" of vehicles in Exhibit B.  To the extent a response is required, to any of the allegations in paragraph 66, Wells Fargo denies those allegations.

67.     Paragraph 67 of the Complaint includes legal arguments and conclusions of law which do not require an answer.  To the extent a response is required to any of the allegations in paragraph 67 of the Complaint, Wells Fargo denies those allegations.

68.     Paragraph 68 of the Complaint includes legal arguments and conclusions of law which do not require an answer.  Wells Fargo is without sufficient knowledge or information to either admit or deny the "nonexhaustive list" of vehicles in Exhibit C.  To the extent a response is required to any of the allegations in paragraph 68 of the Complaint, Wells Fargo denies those allegations.

69.     Paragraph 69 of the Complaint references the PSA and the PSAJ, and purports to include a general characterization of the documents and their contents.  Wells Fargo states that the PSA and PSAJ speak for themselves and denies any allegations in paragraph 69 of the Complaint to the extent they do not fully and accurately characterize the contents and purpose of the PSA and PSAJ.  Wells Fargo further states that paragraph 69 includes legal arguments and conclusions of law which do not require a response.  To the extent a response is required to any of the allegations in paragraph 69, Wells Fargo denies those allegations.

70.     The allegations in paragraph 70 are mere recitations to Section 551 to which no response is required.  Section 551 speaks for itself and Wells Fargo denies any allegations in paragraph 70 to the extent they do not fully and accurately characterize the contents and substance of Section 551.

71.     Paragraph 71of the Complaint includes legal arguments and conclusions of law which do not require an answer.  To the extent a response is required to any of the allegations in paragraph 71 of the Complaint, Wells Fargo denies those allegations.

72.     Wells Fargo denies that the Committee or the Debtors' estates are entitled to any of the relief requested in paragraph 72 of the Complaint.

## COUNT V: AVOIDANCE OF LIENS ON MONEY

73.     Paragraph 73 of the Complaint repeats and realleges the allegations in paragraphs 1 through 72 of the Complaint.  Accordingly, Wells Fargo repeats and realleges its answers to paragraphs 1 through 72 as though fully set forth herein.

74.     Paragraph 74 of the Complaint references the PSA and the PSAJ, and purports to include a general characterization of the documents and their contents.  Wells Fargo states that the PSA and the PSAJ speak for themselves and denies any allegations in paragraph 74 of the Complaint to the extent they do not fully and accurately characterize the contents and purpose of the PSA and the PSAJ.  Wells Fargo further states that paragraph 74 includes conclusions of law which do not require a response.  To the extent a response is required to any of the allegations in paragraph 74, Wells Fargo denies those allegations.

75.     Paragraph 75 of the Complaint includes legal arguments and conclusions of law which do not require an answer.  Wells Fargo is without sufficient knowledge or information to either admit or deny the "nonexhaustive list of items" in Exhibit D.  To the extent a response is required to any of the allegations in paragraph 75 of the Complaint, Wells Fargo denies those allegations.

76.     Paragraph 76 of the Complaint includes legal arguments and conclusions of law which do not require an answer.  To the extent a response is required to any of the allegations in paragraph 76 of the Complaint, Wells Fargo denies those allegations.

77.     Paragraph 77 of the Complaint includes legal arguments and conclusions of law which do not require an answer.  To the extent a response is required to any of the allegations in paragraph 77 of the Complaint, Wells Fargo denies those allegations.

78.     The allegations in paragraph 78 are mere recitations to Section 551 to which no response is required.  Section 551 speaks for itself and Wells Fargo denies any allegations in paragraph 78 to the extent they do not fully and accurately characterize the contents and substance of Section 551.

79.     Paragraph 79 of the Complaint includes legal arguments and conclusions of law which do not require an answer.  To the extent a response is required to any of the allegations in paragraph 79 of the Complaint, Wells Fargo denies those allegations.

80.     Wells Fargo denies that the Committee and the Debtors' estates are entitled to any of the relief requested in paragraph 80 of the Complaint.

<u>**COUNT VI: AVOIDANCE OF LIENS ON THE AIRPLANE**</u>

81.     Paragraph 81 of the Complaint repeats and realleges the allegations in paragraphs 1 through 80 of the Complaint.  Accordingly, Wells Fargo repeats and realleges its answers to paragraphs 1 through 80 as though fully set forth herein.

82.     Wells Fargo admits that on September 8, 2017, LHA and Wells Fargo entered into an Aircraft Mortgage and Security Agreement with respect to the airplane.  Wells Fargo further states that the referenced documents speak for themselves and Wells Fargo denies any allegations in paragraph 82 of the Complaint to the extent they do not fully and accurately characterize the contents of the referenced documents.

83.     Paragraph 83 of the Complaint includes legal arguments and conclusions of law which do not require an answer.  To the extent a response is required to any of the allegations in paragraph 83 of the Complaint, Wells Fargo denies those allegations.

84.     Paragraph 84 of the Complaint includes legal arguments and conclusions of law which do not require an answer.  To the extent a response is required to any of the allegations in paragraph 84 of the Complaint, Wells Fargo denies those allegations.

85.     The allegations in paragraph 85 are mere recitations to Section 551 to which no response is required.  Section 551 speaks for itself and Wells Fargo denies any allegations in paragraph 61 to the extent they do not fully and accurately characterize the contents and substance of Section 551.

86.     Paragraph 86 of the Complaint includes legal arguments and conclusions of law which do not require an answer.  To the extent a response is required to any of the allegations in paragraph 86 of the Complaint, Wells Fargo denies those allegations.

87.     Wells Fargo denies that the Committee or Debtors' estates are entitled to any of the relief requested in paragraph 87 of the Complaint.

## COUNT VII: OBJECTION TO DEFENDANT'S CLAIMS

88.     Paragraph 88 of the Complaint repeats and realleges the allegations in paragraphs 1 through 87 of the Complaint.  Accordingly, Wells Fargo repeats and realleges its answers to paragraphs 1 through 87 as though fully set forth herein.

89.     Wells Fargo admits the allegations in the first sentence of paragraph 89 of the Complaint.  Wells Fargo denies that the Committee has any grounds to object to Wells Fargo's claims.

90.     Wells Fargo denies the allegations in paragraph 90 of the Complaint and denies that it is liable for any amounts or that it is required to return any property.

91.     Wells Fargo admits the allegations in the first and second sentences of paragraph 91 of the Complaint.  Wells Fargo denies the remaining allegations in paragraph 91 of

the Complaint and further denies that the Committee has any right to object to Wells Fargo's claims.

## VI.  PRAYER

Wells Fargo denies that the Committee is entitled to any of the relief requested in the Prayer.

## AFFIRMATIVE DEFENSES AND DEFENSES

92.     The transfers or payments were made in the ordinary course of business in accordance with 11 U.S.C. § 547(c)(2).

93.     The transfers or payments were made as a contemporaneous exchange for new value and new value was given pursuant to 11 U.S.C. § 547(c)(1).

94.     New value was given after the transfers or payments described in the Complaint in accordance with 11 U.S.C. § 547(c)(4).

95.     The relevant transferor Debtor was not insolvent as of the date of the transfers or payments and/or did not become insolvent as a result of the transfers or payments.

96.     The relevant transferor Debtor was not engaged, or about to engage, in business or a transaction for which any property remaining with such transferor Debtor or for whose benefit the transfers or payments was made was an unreasonably small capital.

97.     The relevant transferor Debtor did not intend to incur, nor believed it would incur, debts beyond its ability to pay upon maturity.

98.     The relevant transferor Debtor received reasonably equivalent value in exchange for the transfers or payments.

99.     Wells Fargo is a good faith transferee in accordance with 11 U.S.C. § 550(b).

100.    The transfers or payments were not made on or within 90 days before the date of the filing of any of the petitions.

101.    The liens were validly granted even if not perfected.

102.    New value was given after the transfers or payments described in the Complaint in accordance with 11 U.S.C. §547(c)(3).

103.    The transfers or payments constituted a perfected security interest in inventory or a receivable, or the proceeds of either pursuant to 11 U.S.C. §547(c)(5).

104.    Wells Fargo accepted the transfers or payments in good faith and for fair value.

105.    Any post-petition transfers or payments were authorized by Bankruptcy Court order.

WHEREFORE, Wells Fargo respectfully requests that the relief sought in the Complaint be denied and for such other and further relief to which it may be justly entitled.

**Dated:  October 26, 2018**

Respectfully  submitted,

**WINSTEAD PC**

By: _/s/ Yasmin I. Atasi_
Yasmin Atasi, SBN 10435150
S.D. Tex. No. 13119
Sean B. Davis, SBN 24069583
S.D. Tex. No. 1048341
600 Travis, Suite 5200
Houston, TX 77002
Telephone:  713.650.8400
Facsimile:  713.650.2400
Email:  yatasi@winstead.com
              sbdavis@winstead.com

and

Rakhee V. Patel, State Bar No. 00797213
S.D. Tex. No. 23571
2728 N. Harwood Street, Suite 500
Dallas, TX 75201
Telephone:  214-745-5400
Facsimile:  214-745-5788
Email: rpatel@winstead.com

**ATTORNEYS FOR WELLS FARGO BANK,
NATIONAL ASSOCIATION**

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of October, 2018, notice of this document will be electronically mailed to the parties registered or otherwise entitled to receive electronic notices in this adversary proceeding pursuant to the Electronic Filing Procedures in this District.

*/s/ Sean B. Davis*
One of Counsel

4824-2485-7209v.3 4839-2298